UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERI MARIDON,<br><br>        Plaintiff,<br><br>    v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>        Defendant.<br>_____/ | No. C-12-2109 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 49)** |

       Before the Court is Comcast Cable Communications Management, LLC's ("Comcast") motion for summary judgment. Plaintiff, a lesbian and the sole female communications technician in Comcast's San Jose field office, alleges that she has been subjected to a work environment where offensive and demeaning statements regarding women and homosexuals are common place. She further alleges that Comcast has failed to promote her to supervisor on four occasions as a result of her gender and sexual orientation. Plaintiff asserts six claims: (1) Discrimination on the basis of sex and sexual orientation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940(a); (2) harassment on the basis of sex and sexual orientation in violation of FEHA, Cal. Govt. Code § 12940(j); (3) failure to prevent discrimination and harassment in violation of FEHA, Cal. Govt. Code § 12940(k); and (4) intentional infliction of emotional distress. Comcast seeks dismissal of all of Plaintiff's claims.

       As to Plaintiff's sexual orientation discrimination claim for non-promotion, Comcast's motion is **GRANTED**. In particular, Plaintiff's discrimination claims are based on Comcast's

failures to promote her to the position of communications technician supervisor.  Plaintiff has failed to introduce any evidence from which a jury could find that the decisionmakers behind these promotional decisions were aware of Plaintiff's sexual orientation.  Accordingly, Plaintiff has failed to demonstrate a genuine dispute of fact as to whether Comcast failed to promote her because of her sexual orientation.  *Cf., e.g.*, *Lewis v. United Parcel Serv., Inc.*, No. C 05-02820, 2005 WL 2596448 (N.D. Cal. Oct. 13, 2005) ("A necessary predicate to proving a nexus with religion is that the employer knew of the claimant's religion."); *Pope v. Kaiser Found. Health Plan*, No. Civ.S-97-1119, 1998 WL 865646, at *3 (E.D. Cal. Dec. 7, 1998) ("Where the employer has no knowledge of the disability, plaintiff cannot demonstrate that its adverse action was discriminatory because of the disability.").

Additionally, Comcast's motion is **GRANTED** as to Plaintiff's sex discrimination claim based on Comcast's failure to promote her to a supervisor position in Salinas.  Assuming Plaintiff has established a prima facie case of intentional discrimination, *see Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 379 (2000), Comcast has introduced evidence of a nondiscriminatory reason for promoting Lawrence Cuellar to this position over Plaintiff.  For example, like Plaintiff he had an associate's degree and several years of prior supervisory experience.  Dkt. No. 52-21.  Further, he had been serving as the interim supervisor for several months and was familiar with the unique issues confronting the Salinas field office.  Declaration of Joe Romero ¶ 7.  While Mr. Cuellar was ranked only 6th out of the 11 candidates after the initial interview rounds, he performed better than Plaintiff who ranked 8th.  Ms. Jennifer Smith, a communications technician who participated in the interview, wrote in her contemporaneous interview notes that she would have liked to see more "energy and enthusiasm" from Plaintiff, while another interviewer wrote at the time that Plaintiff "seemed unprepared" and lacked "very specific examples."  Dkt. No. 52-20.  In short, Mr. Cuellar appears equally or more qualified than Plaintiff.

While Plaintiff can still state a claim for discrimination by showing the asserted non-discriminatory reasons for her non-selection were pretextual, Plaintiff has failed to create a genuine dispute of fact that the asserted nondiscriminatory reasons were in fact pretextual.  *See Rope v. Auto-Chlor Sys. of Wash., Inc.*, 220 Cal. App. 4th 635, 656 (2013) (where employer offers a "legitimate,

2

nondiscriminatory reason for an employment decision," the plaintiff "bears the burden to prove the employer's proffered reason is pretextual").  First, Plaintiff conceded in her deposition that she had no reason to believe that the decisionmaker on this promotion, Mr. Joe Romero, has any bias against women.  Second, if anything, the evidence suggests Mr. Romero was not biased against Plaintiff; he stated in his deposition that when he worked with Plaintiff, he found her conversive and friendly.  Deposition of Joe Romero at 10, Dkt. No. 70-8.  This is in contrast to the decisionmakers for the other supervisor positions whose declarations or testimony suggest they based their decision, in part, on a perception that Plaintiff was "standoffish" and unfriendly.  This is significant as Plaintiff's demeanor at work is a disputed issue of fact and evidence that Mr. Romero had no negative perception of Plaintiff going into the interviews.  Third, there is no evidence that Mr. Romero or anyone else in the selection process subjected Plaintiff to a double standard relative to Mr. Cuellar.  Fourth, there is no indication that any of the individuals who participated in Plaintiff's Salinas interviews or otherwise advised Mr. Romero had said or done anything suggesting a bias against women generally or Plaintiff in particular, such as making or tolerating demeaning or discriminatory remarks.  Nor is there any evidence that Mr. Romero had a conversation with anyone in management in which a desire not to promote the Plaintiff was discussed.  Finally, in contrast to the other promotion claims where only men participated in the interview, two women participated in Plaintiff's Salinas interview; although they rated the Plaintiff higher than the male interviewers (which might suggest general gender bias among male raters), these female interviewers rated Plaintiff towards only the middle of the set of candidates and both gave Mr. Cuellar an equal or better rating.

On this record, Comcast is entitled to summary judgment as to this sex discrimination claim.  Plaintiff has not provided sufficient evidence from which a reasonable jury could conclude that Comcast's failure to promote Plaintiff to the Salinas position was motivated by Plaintiff's gender.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (holding that "an employer would be entitled to judgment as a matter of law . . . if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.").

As to Plaintiff's harassment and sex discrimination claims (and that Comcast failed to prevent this harassment and discrimination), Defendant's motion is **DENIED**. At the hearing on Comcast's motion, the Court raised a number of concerns regarding the strength of Plaintiff's claims. However, "having a weak case is not a fatal flaw on summary judgment." *Babai v. Allstate Ins. Co.*, No. C12-1518 JCC, 2013 WL 6564353, at *5 (W.D. Wash. Dec. 13, 2013); *see also Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir. 1988) (holding that a court may not "ignore factual questions where, as here, a plaintiff's case is weak and the result seems clear"). Taking the record and all possible inferences in the light most favorable to Plaintiff, a jury could conclude that Plaintiff was subjected to severe or pervasive harassment on the basis of her gender or sexual orientation or that Comcast failed to promote her because of her gender.

As to Plaintiff's intentional infliction of emotional distress claim, Comcast's motion is **DENIED**. The Court treats this claim as co-extensive with her harassment claims. *See, e.g.*, *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 622 (Cal. Ct. App. 1989) ("If Ms. Fisher successfully pleads a cause of action for sexual harassment, then the fifth cause of action for intentional infliction of emotional distress against Dr. Tischler and SPPH will in turn be legally viable.").[1] She states no valid basis for such a claim independent of her harassment claims. *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) (holding that managerial decisions, even if improperly motivated, cannot form the basis of an intentional infliction of emotional distress claim).

///
///
///
///
///
///

---

[1] The existence of this claim will not expand or otherwise affect the admissibility of evidence at trial. In addition, Comcast is correct that Plaintiff may not rely on Comcast's failure to promote her to supervisor in support of her intentional infliction of emotional distress claim. *See Zapponi v. CSK Auto, Inc.*, C02-0536 THE, 2002 WL 31750219, at *9 (N.D. Cal. Dec. 4, 2002).

1  For the foregoing reasons, Comcast's motion for summary judgment is **GRANTED** as to
2 Plaintiff's sexual orientation discrimination claims for non-promotion and Plaintiff's claim based on
3 the failure to promote her to a supervisor position in Salinas.  Comcast's motion is **DENIED** in all
4 other respects.  The parties shall file their pre-trial filings no later than February 2, 2014.  Trial will
5 begin on March 3, 2014.

6  This order disposes of Docket No. 49.

8  IT IS SO ORDERED.

10 Dated:  January 13, 2014

_____
EDWARD M. CHEN
United States District Judge